BOWERS v. WORTH.

(Filed September 18, 1901.)

CONTRACTS—*Delivery—Shipment—Sales.*

> Where a person sells a certain number of bags of peanuts and delivers them to a carrier according to contract, and before the shipment thereof by the carrier the seller opened the car and placed some additional bags therein—not delaying thereby the shipment—the placing of the additional bags in the car does not affect the right of the seller to pay for the bags delivered according to the contract.

MONTGOMERY, J., dissenting.

ACTION by J. E. Bowers & Co. against J. B. Worth & Co., heard by Judge *T. A. McNeill,* at Spring Term, 1901, of the Superior Court of HALIFAX County. From a judgment for the plaintiff, the defendant appealed.

*Claude Kitchen,* for the plaintiff.
*W. A. Dunn,* for the defendant.

FURCHES, C. J. This is an action for breach of contract in the sale of a car-load of peanuts, growing out of the following contract and agreed state of facts; that on 13th of October, 1899, plaintiff and defendant made following contract: "Messrs. Bowers & Co: We are in the market for a car of Spanish, and if you have anything to offer, would be glad to hear from you at the lowest possible price. Of course, offer must be for immediate shipment. Truly yours, J. B. Worth Co. Better wire if you can offer anything."

To which Bowers & Co. replied by telegram on October 17th: "Can buy car of Spanish at 75 cents. Ship on Saturday."

To which telegram defendant replied on same day as follows: "Accept car; must be clean, dry goods; shipment not later than Saturday."

2. That on the Saturday referred to, being October 21st, the plaintiff did deliver at the warehouse of the W. and W. Railroad Co., in Scotland Neck, N. C., (223) two hundred and twenty-three bags of Spanish peanuts, and took B. L. for the same, which were consigned to the defendants.

3. That on the 23d day of October the plaintiffs, by permission of the agent of the railroad company, opened the car in which the 223 bags of peanuts had been put, and placed therein thirty-three bags more of Spanish peanuts, and the B. L. was changed to correspond with the number of bags actually in the car.

4. That said change was without the knowledge or consent of the defendant.

5. The peanuts were tendered to the defendant in Petersburg, Va., and the defendant refused to accept the same.

6. It is admitted that 223 bags is a car of peanuts, and that 256 bags is a car of peanuts.

7. That a delivery of a car of peanuts at any time on Saturday, the 21st day of October, to the railroad company, and taking B. L. therefor, would be a shipment within the meaning of said contract, and that they complied with this contract, provided the facts hereinbefore recited do not constitute a breach of said contract.

8. That the plaintiffs are entitled to recover the sum of ninety-eight dollars, with interest thereon from the 21st day of October, 1899, if they have complied with said contract.

9. That the said peanuts left on the first freight train leaving Scotland Neck after Saturday, October 21st, for defendant at Petersburg.

It will be seen that the contract was to ship the peanuts by the following Saturday, which was the 21st day of October, 1899, the contract being made on the 13th of October.

It is agreed that 223 bags of peanuts is a car-load; and it is agreed that the plaintiff delivered to the railroad agent, at Scotland Neck, for shipment to the defendant, 223 bags of peanuts on Saturday, 21st October, which was in time, and a compliance with the terms of the contract.

If nothing more had been done, it is admitted that plaintiff would have been entitled to recover and to the judgment in this case. But it is admitted that on Monday, the 23d of October, and after the 223 bags of peanuts had been placed in the car for shipment, the plaintiff took 33 bags of peanuts to said depot, and, with the consent of the depot agent, put them in the car with those delivered on Saturday, and the bill of lading was then changed so as to include the 33 bags

delivered on Monday. It is also agreed that this did not delay the shipment of the peanuts delivered on Saturday. It was admitted and stated on the argument that plaintiff could not recover for the 33 bags delivered on Monday, and that they were not included in the judgment appealed from. Upon the peanuts reaching Petersburg the defendants refused to receive them.

So the case comes down to this: Did the placing of the 33 bags on Monday in the car with the 223 bags prevent the plaintiff from recovering for the 223 bags delivered on Saturday?

The delivery of the 223 bags on Saturday was a compliance with the contract, and the peanuts at once became the property of the defendant, and he had the right to sue for and recover them in claim and delivery proceedings. And the plaintiff had no more right to them than any stranger would have had. The right he might have had, over that of a stranger to the transaction, was the right of stoppage *in transitu;* and this he only had in case of insolvency, which is not alleged, and this right has nothing to do with the case before us.

Suppose the 223 bags delivered on Saturday had not been put in the car on Monday when plaintiff delivered the 33 additional bags? Those delivered on Saturday would have been defendant's peanuts, just as much as they were when put in the car; but the 33 bags delivered on Monday would not have been, because defendant had not bought them. The defendant could not have recovered them by action, nor would he have been liable for them until he accepted them. This, we think, is clearly so, and was substantially admitted on the argument.

What difference it makes that the plaintiff, with the consent of the depot agent, was allowed to put them in the car with the 223 bags delivered on Saturday, we are not able to

see. If it be contended that the depot agent at Scotland
Neck was the agent of the defendant, it might be contended
that he accepted the 33 bags and defendant was liable for
them. But if this were so, we do not see how it would affect
the right of the plaintiff to pay for the 223 bags delivered
on Saturday.

While it is true that the officers of the railroad company
are the agents of the consignee after the goods are delivered,
this agency only extends to goods rightfully shipped, and
which belonged to the consignee when shipped or delivered
for shipment. They can not be the agent of a party who
does not own the goods and has no interest in them. So,
whatever the depot agent may have done, does not affect the
case.

The judgment should be
Affirmed.


MONTGOMERY, J., dissenting. The plaintiff agreed to sell
to the defendants a car-load of peanuts, the same to be
shipped not later than the following Saturday from Scotland
Neck, N. C., to Petersburg, Va. On the last-mentioned
day the goods were delivered to the agent of the Wilmington
and Weldon Railroad Co., at Scotland Neck, the car-load
consisting of 223 bags. The bill of lading called for 223
bags and the consignees were the defendants.

On the Monday following, and before the first freight
train left the station for Petersburg, the plaintiffs, by per-
mission of and with the consent of the freight agent, and
without the defendant's knowledge or consent, opened the
car, placed therein 33 bags of peanuts in addition to the
quantity delivered on Saturday, and the bill of lading was
altered so as to conform to the addition to the car-load of
the 33 bags.

Amongst the other facts admitted, it was agreed that 223

bags of peanuts is a car-load, and also that 256 bags is a car-load.

Upon the arrival of the peanuts at their destination, the car-load of 256 bags was tendered to the defendants and they refused to receive the same. This action was brought by the plaintiffs in a court of a Justice of the Peace, to recover damages for an alleged breach by the defendants of the contract of sale and purchase. The defendants admit their liability, if as a matter of law the plaintiff's act in opening the car and placing therein the additional 33 bags of peanuts, and the tender of the 256 bags to the defendants, was not a breach of the contract on the part of the plaintiffs. It does not appear from the agreed and admitted facts whether the defendants knew of the change made by the plaintiffs in the original shipment, but as no reason is given why the defendants refused the same, we must take it that the refusal was because of the act of the plaintiffs in opening the car and putting in the additional 33 bags, and the tender to the plaintiffs through the railroad company of the car-load of 256 bags, instead of the original shipment of 223 bags.

The contract for the purchase of the peanuts was completed when the plaintiffs on Saturday placed in the car the 223 bags, and the right of property therein passed to the defendants; but when the plaintiffs, with the consent of the carrier, took possession of the car on Monday and placed therein the 33 additional bags, and the bill of lading altered to meet the added quantity, and the carrier tendered to the defendant the car-load lot of 256 bags, the defendants had the right to refuse the car-load as tendered. The contract, as we have seen, was completed on Saturday when the 223 bags were delivered to the carrier, and if the defendants had received the car-load of 256 bags with a knowledge of the facts, they would have been bound to the plaintiffs for the price of the whole. And this view is in no way inconsistent

with the legal effect of the delivery of the 223 bags on Saturday—the completion of the contract and the passing of the property to the defendants. The plaintiffs and the carrier's agent, by their interference with the car on Monday, and the tender to deliver the 256 bags in Petersburg, prevented the delivery of the true quantity bought under the contract, and the defendants were not compelled to go into a lawsuit with the carrier to get possession of the 223 bags, a part of the goods embraced in the bill of lading, and which part was not offered to be delivered. And the plaintiffs therefore can not recover any damages against the defendants for doing what they had a right to do under the circumstances.